# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50445
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURICIO LEMUS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-886-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Mauricio Lemus appeals the revocation of his supervised release term for his conviction for possession with intent to distribute cocaine. The district court concluded that Lemus violated the terms of his supervised release by using controlled substances and committing an assault by strangulation and unlawful restraint against his wife.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50445

First, Lemus argues that the district court imposed an erroneous sentence because the Government offered nothing more than hearsay to prove that he committed a Grade A violation.  However, we will not consider that argument as Lemus has not sufficiently briefed the issue.  *See United States v. Scroggins*, 599 F.3d 443, 446-47 (5th Cir. 2010).

Second, he contends that the Government did not establish that the alleged assault and unlawful restraint qualified as Grade A violations under U.S.S.G. § 7B1.1.  Because Lemus did not raise this objection in the district court, we review for plain error only.  *See United States v. Warren*, 720 F.3d 321, 326-27 (5th Cir. 2013).

We have held that Texas assault by strangulation is a crime of violence under the Sentencing Guidelines.  *See United States v. Howell*, 838 F.3d 489, 501-03 (5th Cir. 2016).  Therefore, because the Government established by a preponderance of the evidence that Lemus assaulted his wife by strangulation, the district court did not err in categorizing the offense as a Grade A violation under the Guidelines, and we need not consider whether unlawful restraint is a crime of violence under the Guidelines.  *See id.*; *Warren*, 720 F.3d at 326-27; *United States v. Hinson*, 429 F.3d 114, 118-19 (5th Cir. 2005); § 7B1.1(b).

Finally, Lemus argues that the district court imposed a substantively unreasonable sentence because his personal circumstances, specifically his troubled marriage and substance abuse problem, did not warrant a 30-month sentence.  He also claims that the five-year term of supervised release was unnecessary as a means of monitoring his interactions with his wife because he informed the district court at sentencing that he was seeking a divorce.

However, the district court heard Lemus's arguments for residential treatment and explanations regarding his volatile marriage and substance abuse problem.  The district court also heard the Government's concern over

the danger to the victim posed by her husband and expressed its own concern over the state of the marriage. Lemus has not shown that the district court, when imposing sentence, failed to consider a significant factor, considered an improper factor, or made a clear error of judgment in balancing the relevant factors. *See Warren*, 772 F.3d at 320. He therefore has not shown that the district court abused its discretion by imposing a substantively unreasonable sentence. *See id.*

AFFIRMED.